

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-31,454-03 & WR-31,454-04

**EX PARTE RODNEY ELNESTO SMILEY, Applicant**

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NO. C-213-010293-1011284-B IN THE 213TH DISTRICT COURT FROM TARRANT COUNTY

CAUSE NO. W94-02594-U(B) IN THE 291ST DISTRICT COURT FROM DALLAS COUNTY

*Per curiam.*

### O P I N I O N

These are applications for post-conviction writs of habeas corpus filed by Rodney Elnesto Smiley, applicant, pursuant to the provisions in Article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. art. 11.07. In 1994, applicant was convicted of theft in Dallas County and sentenced to twenty-five years' imprisonment. In 2006, while he was out of custody on parole, he was convicted of injury to a child in Tarrant County and sentenced to ten years' imprisonment. Upon his conviction for injury to a child,

the Board of Pardons and Paroles revoked applicant's parole for the theft offense. Applicant thus commenced serving his sentences for both offenses concurrently.

In 2015, applicant filed these applications for post-conviction writs of habeas corpus challenging certain policies employed by the Board of Pardons and Paroles for the purpose of determining an inmate's eligibility for release to supervision when he is serving concurrent sentences. In his applications, applicant notes that his theft conviction is subject to the pre-1996 mandatory-supervision statute, which entitles him to release to supervision on a certain date, whereas his injury-to-a-child conviction is governed by the current "discretionary" mandatory-supervision statute, which entitles him only to review for release on a certain date. Applicant alleges that his due-process rights were violated when the Board of Pardons and Paroles declined to vote on his release to discretionary mandatory supervision for his injury-to-a-child conviction for more than two years after he became eligible for such release. The basis for the parole board's refusal to consider him for discretionary mandatory supervision release for the injury-to-a-child conviction was that he was not yet eligible for mandatory release on his 1994 theft conviction. In short, the parole board declined to consider exercising its discretion to permit parole for the injury-to-a-child conviction because applicant would nonetheless remain confined for the theft conviction. Applicant also contends that the parole board's subsequent refusal to release him to mandatory supervision on his theft conviction when he became eligible in 2013 violated his due-process rights. The basis for the board's refusal to release applicant to mandatory supervision on the theft

conviction was that he was still incarcerated on the injury-to-a-child case.

This Court consolidated the applications and filed and set this case to address applicant's allegations. During the pendency of this case, it came to this Court's attention that, since filing these applications, applicant may have been released to parole on the theft conviction or, alternatively, discharged his sentence for the injury-to-a-child conviction, either of which event would render his claims moot. To resolve these factual matters, we ordered these applications remanded to the respective habeas courts for the record to be supplemented to include the results of applicant's most recent parole review for the theft conviction and to address whether applicant had discharged his sentence for the injury-to-a-child conviction.

We have received supplemental records from the habeas courts. These records include an affidavit from Charley Valdez, a program supervisor in the Classification and Records Department at TDCJ. Valdez's affidavit indicates that, on February 8, 2016, applicant was released from TDCJ custody to mandatory supervision on the remainder of his twenty-five-year sentence for theft. The affidavit further reflects that, on February 8, 2016, applicant discharged his sentence for injury to a child.

In light of this information, the 213th District Court made supplemental findings of fact and conclusions of law regarding applicant's injury-to-a-child conviction. The habeas court's supplemental findings and conclusions indicate that applicant "is not currently confined in this case as his [injury-to-a-child] sentence has been discharged." Given this

fact, the habeas court recommended that applicant's application be "dismissed as discharged."

The 291ˢᵗ District Court also made supplemental findings of fact and conclusions of law regarding applicant's release to mandatory supervision on his theft conviction. The habeas court's supplemental findings and conclusions indicate that applicant "is not now confined or restrained of his liberty" and that applicant "has not been denied any rights guaranteed to him by the United States Constitution or the Texas Constitution."

The habeas courts appear to suggest that applicant's claims should be dismissed in light of his release from custody and his discharging of his sentence. We agree. Given the nature of applicant's claims, which relate to the legality of the parole board's procedures for determining release to supervision when an inmate is serving two or more concurrent sentences that are governed by different mandatory-release statutes, those claims are rendered moot as a result of applicant's release from custody. We, therefore, order the applications dismissed.

Delivered: September 14, 2016

Do not publish